UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------
BASYA BANDA
on behalf of herself and
all other similarly situated consumers

                        Plaintiff,

       -against-

NORTHSTAR LOCATION SERVICES, LLC

                        Defendant.

----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1. Plaintiff Basya Banda seeks redress for the illegal practices of Northstar Location Services, LLC concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2. Plaintiff is a citizen of the State of New York who resides within this District.

3. Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4. Upon information and belief, Defendant's principal place of business is located in Cheektowaga, New York.

5. Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6. Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

### *Jurisdiction and Venue*

7. This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

### *Allegations Particular to Basya Banda*

9. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10. On or about July 21, 2014, Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11. Said letter stated in pertinent part as follows: **"Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C, a copy of which will be mailed to you."**

12. Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt.

13. Section 1692e(10) of the FDCPA prohibits a debt collector from using false representations or deceptive means to collect a debt alleged due.

14. Advising Plaintiff that Northstar Location Services, LLC's client, Barclays Bank Delaware, **"is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C,"** is deceptive and misleading in violation of the FDCPA.

15. Internal Revenue Code 26 U.S.C. § 6050P as further defined and clarified by the Treasury Regulation 1.6050P-1 (a)(1), states "a discharge of indebtedness is deemed to have occurred…if and only if there has occurred an identifiable event described in paragraph (b)(2) of this section." Paragraph (b)(2)(F) of that section defines an "identifiable event" as "[a] discharge of indebtedness pursuant to an agreement between an applicable entity and a debtor to discharge indebtedness at less than full consideration." 26 C.F.R. § 1.6050P-1(b)(2)(F).

16. However, Treasury Regulation 1.6050P-1, outlines certain exceptions to the § 6050P reporting requirement. 26 C.F.R. § 1.6050P-1(d). The most pertinent of these eight exceptions for the present case are §§ 1.6050P-1(d)(2) and (3), which reads:

> (2) Interest. The discharge of an amount of indebtedness that is interest **is not required to be reported** under this section.
>
> (3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal **is not required to be reported** under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).

17. It is entirely possible to forgive $600 or more of the debt and yet not be required to report it to the IRS.

18. Section 1692e of the FDCPA prohibits a debt collector from making false, deceptive, and misleading statements in connection with the collection of a debt. Advising Plaintiff that The Internal Revenue Service requires that they be notified with information about amounts of $600 or more, the statement, **"Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the**

-3-

**amount of the debt forgiven to the Internal Revenue Service on Form 1099C, a copy of which will be mailed to you."** is deceptive and misleading in violation of the FDCPA.

19. The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what Northstar Location Services, LLC claims is owed.

20. Said letter violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) by threatening to engage in an act which is legally prohibited. The Defendant's statement that: **"Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C, a copy of which will be mailed to you."** as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited.

21. Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an identifiable event described in paragraph (b)(2) of that section.

22. Here, there is no basis to conclude that a triggering event has or will occur requiring Barclays Bank Delaware to report such forgiveness on a 1099c.

23. The gratuitous reference in a collection letter that a collector's client will report the letter's settlement offer to the IRS, is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

24. Said letter violated 15 U.S.C. § 1692e, and 1692e(10), by falsely representing that

> **"Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C, a copy of which will be mailed to you."** Such a statement is objectively false. The law prohibits the Defendant from reporting information about the consumer on a 1099C form unless certain "identifiable events" occur, none of which are applicable to the Plaintiff herein.

25. Said letter is false and deceptive in that it does not explain that it is only under certain limited circumstances that a 1099C form may be reported to the IRS.

26. Said letter language is false and deceptive in that it does not explain that the Defendant's client is prohibited from reporting forgiveness on a 1099C form unless and until both Plaintiff and Defendant have reached an "agreement" on the amount of the debt and the amount that is being discharged.

27. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on the difference between what the Defendant claims is owed and what the consumer agrees to pay.

28. Said letter is false and deceptive in that it falsely implies to the least sophisticated consumer that the consumer will have to pay taxes on any forgiven amount of $600 or more without disclosing that 1099C forms are only issued for principal forgiveness not interest forgiveness.

29. Said letter does not indicate how much of the current debt is interest and how much of it is principal.

30. Said letter fails to disclose to consumers that there is a distinction between principal and

interest.

31. The false statements mislead the consumer as to the impact of attempting to settle the matter for less than what the Defendant claims is owed.

32. Said letter violated 15 U.S.C. §§ 1692e, 1692e(5) and 1692e(10) by threatening to engage in an act which is legally prohibited. Defendant's statement that its client **"Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C, a copy of which will be mailed to you."** as contained within the said letter, could be read by the least sophisticated consumer, as a threat to engage in an act legally prohibited. The language falsely indicates that unless the consumer paid the full amount that the Defendant alleges is owed, the Defendant is going to unilaterally engage in conduct that is prohibited by law.

33. Defendant's actions as described herein also violate § 1692e(8), in that the language contained within the said letter is a threat to report information that the Defendant knows, or should have known to be false. Defendant is not permitted to report any forgiveness on a 1099C tax form relating to a consumer unless certain "identifiable events" occur. The threat to report any forgiveness on a 1099C tax form without regard for said "identifiable events" is a violation of § 1692e(8).

34. The least sophisticated consumer could read this letter to mean that the Defendant is going to report to the IRS that the entire difference between what the Defendant say is owed, and what the Plaintiff pays, is taxable. The Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

35. The Defendant's actions as described herein are also unfair and unconscionable in violation of 15 U.S.C. § 1692f; as well as harassing and abusive in violation of 15 U.S.C. § 1692d.

36. The Defendant's letter gives consumers objectively false and deceptive tax advice.

37. The Defendant's letter could mislead the least sophisticated consumer that unless the consumer pays the entire amount that the Defendant alleges is owed on the alleged debt, the consumer is going to be reported to the IRS.

38. The Defendant's letter could mislead the least sophisticated consumer into believing that unless the consumer pays the entire amount Defendant alleges is owed for the debt, the consumer is going to have to pay taxes on the entire unpaid balance.

39. The Defendant voluntarily chooses to give the tax advice found in the Defendant's letter. No tax law or regulation obligates the Defendant to include the notice regarding tax form 1099C in its collection letters.

40. Defendant's letter fails to disclose to consumers that there is a distinction between principal and interest.

41. Misrepresentation of a debtor's rights or liabilities under the Internal Revenue Code in connection with the collection of a debt is an FDCPA violation. [1]

---

[1] Wagner v. Client Services, Inc., 08-5546, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009). (Court refused to dismiss claim that 1099C warning was literally false, where defendant failed to show that plaintiff was not within one of the exceptions to the reporting requirement.); Good v. Nationwide Credit, Inc., No. 14-4295, 2014 BL 302150 (E.D. Pa. Oct. 24, 2014) (finding that the statement "American Express is required to file a form 1099C with the Internal Revenue Service for any cancelled debt of $600 or more. Please consult your tax advisor concerning any tax questions" is not true and does not accurately reflect the relevant law the court also found that the statement's invocation of the IRS was deceptive and materially misleading in violation of the FDCPA.); Kaff v. Nationwide Credit, Inc., 13-cv-05413-SLT-WP. (1099 language in violation because it failed to apprise debtors that exceptions could apply to the creditor's mandatory reporting requirement, such as the exceptions for interest and other non-principal debts.) Many classes have been certified. See Sledge v. Sands, 1998 WL 525433(class certified), Follansbee v. Discover Fin. Servs., 2000 U.S. Dist. LEXIS 8724 (N.D. Ill. June 14, 2000). (Granting final approval of the proposed class action settlement and application for attorney fees and incentive award for confusing debt collection letter about canceled debt tax liability.)

42. The letter violated 15 U.S.C. § 1692e, by falsely representing that **"Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C, a copy of which will be mailed to you."** Such a statement is objectively false. The said settlement may not be reported to the IRS. Said letter is false and deceptive in that it does not explain that it is only under <u>certain limited circumstances</u> that a 1099C Form may be reported to the IRS.

43. Just like the Second Circuit held in <u>Easterling v. Collecto, Inc.</u>, The operative inquiry in this case is whether the hypothetical least sophisticated consumer could reasonably interpret Northstar Location Services, LLC's letter's statement: **"Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C, a copy of which will be mailed to you."** as representing, incorrectly, that the debtor is completely foreclosed from obtaining a settlement that includes forgiveness of $600.00 or more without the Defendant informing the IRS (which would create a tax liability) for the debt in question.

44. The wording used in this letter is false and misleading because according to 26 C.F.R. § 1.6050P-1(d)(3), forgiveness of Interest is not a reportable event and would not require a copy of 1099C to be filed with the IRS. The least sophisticated consumer test is an objective inquiry directed toward "ensuring that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon*, 988 F.2d at 1318. The FDCPA does not place

considerable – or dispositive – weight on the facts and circumstances surrounding a debtor's background. By its very nature, however, the least sophisticated consumer test pays no attention to the circumstances of the particular debtor in question. See *Clomon*, 988 F.2d at 1318.

45. Moreover, not only is the Defendant's representation in this regard literally false, it is also fundamentally misleading in that it suggests that the debtor has no possible means of obtaining a settlement which includes a discharge of $600.00 or more without creating a tax liability.

46. This is because the least sophisticated consumer could be led to believe:

> That unless the consumer pays the **<u>entire</u>** amount that the letter alleges is owed on the debt, the consumer is likely to be reported to the IRS.
>
> That unless the consumer pays the **<u>entire</u>** amount the letter alleges is owed for the debt, the consumer is likely to have to pay taxes on the entire unpaid balance.

47. In addition, the 2nd Circuit has found that Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate. [2]

48. The Defendant's collection letter's capacity to discourage debtors from accepting any settlement that includes forgiveness of $600.00 or more - without the IRS sending the debtor a 1099C- renders its misrepresentation exactly the kind of "abusive debt collection practice" that the FDCPA was designed to target. See 15 U.S.C. § 1692(e).

---

[2] Pipiles v. Credit Bureau of Lockport, Inc., 886 F.2d 22, 25 (2d Cir. 1989). (Because the collection notice was reasonably susceptible to an inaccurate reading, it was deceptive within the meaning of the Act.); Clomon v. Jackson, 988 F.2d 1314,1319 (2d Cir. 1993). (Collection notices are deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate.); Russell v. Equifax A.R.S. 74 F.3d 30, 34 (2d Cir. N.Y. 1996) (A collection notice is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate. The fact that the notice's terminology was vague or uncertain will not prevent it from being held deceptive under § 1692e(10) of the Act.)

## AS AND FOR A FIRST CAUSE OF ACTION

*Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of herself and the members of a class, as against the Defendant.*

49. Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through forty eight (48) as if set forth fully in this cause of action.

50. This cause of action is brought on behalf of Plaintiff and the members of a class.

51. The class consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter, bearing the Defendant's letterhead in substantially the same form as the letters sent to the Plaintiff on or about July 21, 2014; (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Barclays Bank Delaware; and (b) the collection letter was not returned by the postal service as undelivered; and (c) the Defendant violated 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692e(8), 1692e(10), and 1692f, for harassment and by threatening to engage in an act which is legally prohibited.

52. Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable in this case because:

   A. Based on the fact that a form collection letter is at the heart of this litigation, the class is so numerous that joinder of all members is impracticable.

   B. There are questions of law and fact common to the class and these questions predominate over any questions affecting only individual class members. The principal question presented by this claim is whether the Defendant violated the FDCPA.

  C. The only individual issue is the identification of the consumers who received such collection letters (*i.e.* the class members), a matter capable of ministerial determination from the records of Defendant.

  D. The claims of the Plaintiff are typical of those of the class members. All are based on the same facts and legal theories.

  E. The Plaintiff will fairly and adequately represent the class members' interests. The Plaintiff has retained counsel experienced in bringing class actions and collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

53. A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action. Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

54. If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

55. Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

56. The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

57. Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in her favor and against the Defendant and award damages as follows:

    A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

    B. Attorney fees, litigation expenses and costs incurred in bringing this action; and

    C. Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Cedarhurst, New York
July 15, 2015

      /s/ Adam J. Fishbein
Adam J. Fishbein, P.C. (AF-9508)
Attorney At Law
**Attorney for the Plaintiff**
483 Chestnut Street
Cedarhurst, New York 11516
Telephone (516) 791-4400
Facsimile (516) 791-4411

Plaintiff requests trial by jury on all issues so triable.

      /s/ Adam J. Fishbein
Adam J. Fishbein (AF-9508)

# NORTHSTAR LOCATION SERVICES, LLC

4285 Genesee Street
Cheektowaga NY 14225-1943
ADDRESS SERVICE REQUESTED

1-855-211-4583
Hours Mon-Thurs 8AM-10PM ET,
Fri 8AM-8PM ET, Sat 8AM-2PM ET

07/21/14

Northstar Location Services, LLC
Attn: Financial Services Dept.
4285 Genesee Street
Cheektowaga, NY 14225-1943

201400000370628-BB5    359106772

BASYA BANDA
1166 52nd St
Brooklyn NY 11219-3400

| Creditor | BARCLAYS BANK DELAWARE / BARCLAYCARD REWARDS |
|---|---|
| Account # | ************4503 |
| Balance | $5,679.27 |
| Amount Remitted | |

Payment Website: https://www.gotonls.com

TO ENSURE PROPER CREDIT, RETURN THIS PORTION WITH YOUR PAYMENT.

| Creditor | Account # | Balance |
|---|---|---|
| BARCLAYS BANK DELAWARE / BARCLAYCARD REWARDS | ************4503 | $5,679.27 |

Northstar Location Services, LLC, an authorized representative for Barclays Bank Delaware, would like to work with you in an effort to resolve the balance on the above account.

We would like to discuss a settlement option, to pay less than the full balance due, with you. Please contact our office toll free at 1-855-211-4583 to make arrangements.

Whenever $600.00 or more of a debt is forgiven as a result of settling a debt for less than the balance owed, it may be considered taxable income. Barclays Bank Delaware is required to report the amount of the debt forgiven to the Internal Revenue Service on Form 1099C, a copy of which will be mailed to you. If you are uncertain of the tax consequences, consult your tax advisor.

Once your account is settled for less than the full balance, Barclays Bank Delaware will send notification to the credit reporting agencies to reflect the settlement. Please allow Barclays Bank Delaware at least 30 days for the change to be updated on your credit bureau.

This letter is contingent on the clearance of all payments made towards the settlement. If any payments made as part of the settlement fail to clear, this offer will be null and void.

This communication is from a debt collector and is an attempt to collect a debt. Any information obtained will be used for that purpose.

To make paying your account more convenient we offer the following payment options:
- Check-by-phone at 1-855-211-4583
- MoneyGram ExpressPayment
- Credit or Debit Card
- Web Pay at www.gotonls.com
- Pay in person at our office
- Enclose your payment in the envelope

You may contact David Evtimovski toll free at 1-855-211-4583 to make your payment.

This collection agency is licensed by the Department of Consumers Affairs, the City of New York License # 1179143.



1CSNOST01BB5